Davis, P. J.
Both the surrogate and the referee held on the accounting in this case in substance that the effect of the judgment in the action for the construction of the will was not to change the relation of the appellant as trustee toward the whole or any part of the estate, but simply to determine the rights of the surviving children in and to the shares of the deceased children in the residuary estate when the survivors should be entitled to come into the full enjoyment of the respective shares of such deceased children. In this view we think the surrogate and referee were right, and that the surviving children in respect of the two-fifths of the residuary estate cannot be considered as tenants in common until after the decease of their mother, for whose benefit primarily the property was and is held in trust by the appellant, who seems to have been sole acting trustee under the will.
The only remaining question of importance in the case is as to what amount the appellant should have been charged with for the rents of the property leased to the Lawless brothers for the term of five years, for $5,000 per year. Of this rent, it seems that the appellant collected $1,000 only in cash, and that after a considerable amount of rent had fallen due he received from the tenants an assignment of a bond and mortgage of $6,500, with the amount of which he has been charged in the accounting. Subsequently to the receipt of this bond and mortgage one of the tenants by means of fraud and forgery obtained the surrender of the same to him by the appellant under circumstances that are claimed to have been gross, and therefore willful negligence on the part of the appellant. The testimony bearing upon this question need not be recounted here. It seems to us sufficient to justify the finding of the learned referee, and the confirmation of the report by the surrogate in that particular. So far, therefore, as relates to that* mortgage and bond, the order appealed from should be affirmed.
Of the residue of the rent reserved by the lease, nothing was ever in fact collected, but a considerable quantity of real estate was agreed to be assigned by the tenants as collateral security for the payment of the rent, on condition that they should remain in undisturbed possession if the rents were duly paid to the end of the term, and be entitled to a renewal of the lease at the expiration of the term on specified conditions. Instead, however, of conveying the real estate as such security to the appellant one of the tenants perpetrated another fraud upon him by the substitution of an entirely different agreement making the appellant the purchaser of the real estate, assuming divers existing incumbrances which were greater than its *348 full value, and making him also covenant to pay $15,000 as a further consideration, at a prescribed time. The perpetration of this fraud was not discovered by the appellant until he was aftewards called upon to pay the $15,000, and r-thereupon he immediately commenced an action to set aside the substituted agreement and compel the execution of the agreement actually made. This action resulted in the setting aside of the fraudulent agreement, and its reformation by reinstating the original agreement. But the lands having as before stated, been incumbered to their full value, nothing was ever realized from that source; and afterward an action was commenced by the appellant against the tenants to recover the rents and judgment rendered for the full amount and execution returned nulla bona. So that in point of fact nothing was ever realized by the appellant for such rents except as above stated. The extraordinary nature of the transactions and the victimizing of the appellant by the tenant by the plan mentioned may perhaps be accounted for, certainly to some, extent by his greatly advanced age, he being as it seems, ninety-five years of age at the tipie of the accounting, and upwards of eighty-four at the time of his dealing with his Lawless tenants. He has been charged with the full amount of rent reserved in the lease, to wit: $5,000 per year with interest from the several dates when the rent fell due by the terms of the lease. It is manifest from the facts already stated that the tenants were not only worthless scoundrels, but that they were persons wholly insolvent from whom in all probability no part of the rents could have been collected by process of law. Their ultimate insolvency is plainly shown by the recovery of the judgment and the return of. the execution wholly unsatisfied. But in the absence of affirmative proof that the rent could have been collected of them, the fair inference from the circumstances developed ini the case is that all attempts to" collect it would have been unavailing. The remedy would of course have been, if the trustee had properly managed the estate, to have evicted the tenants for non-payment of the rent which would have put it in his power to have leased the premises to other tenants for such prices as he could have obtained. The evidence bearing upon this question tends to show that the full rental value of the property was from $3,000 to $3,500 a year; and if the failure to obtain or secure payment of any rent from the Lawless brothers can justly be attributed to the appellant as willful neglect, yet it seems to us apparent that he can only be justly chargeable for such amount of rent as he would probably have realized by a degree of diligence that would have resulted- in the prompt eviction, and the leasing of *349 the property to another tenant. It was under the circumstances a harsh measure of justice, it seem to us, to charge him with the $5,000 per year reserved by the lease of the Lawless brothers, instead of the amount of rent which he could probably have obtained under a new lease to a responsible tenant. There is no evidence in the case showing with any satisfactory clearness that if he had refused the security pretended to be offered and given by the tenants for the payment of the rent, he could have collected the same either by suit or otherwise. The contrary is indicated by the future transactions of the Lawless Brothers, and it ought not to be assumed under the circumstances of this case that the large, and it would appear, excessive rent they had agreed to pay would ever have been realized by any reasonable diligence on the part of the appellant.
It was error therefore, we think, to charge him with the full amount of rents reserved in the lease, with interest from the several dates when it fell due by the terms of the lease. The referee should have ascertained and determined whether such amount could have been collected with reasonable diligence from the Lawless brothers, and what amount could have been produced by a lease to a responsible tenant if with reasonable diligence the appellant had evicted them; and should have charged the appellant with that amount if satisfied that there was bad faith on his part or any such neglect of duty as amounted to willful negligence.
For the purpose of having this error corrected, the order of the surrogate must be reversed and the proceedings remanded for a further hearing, with costs of this appeal to the appellant to be credited to him and applied upon the amount adjudged against him on the further accounting.
Daniels and Brady, JJ„, concur.